AGOSTO *v.* WOODS, JUDICIAL ADMINISTRATOR OF THE INTESTATE
ESTATE OF ELISA KORTRIGHT.

## APPEAL from the District Court of San Juan.

No. 189.—Decided December 21, 1907.

ALLEGATIONS—COMPLAINT AND ANSWER—QUESTION IN CONTROVERSY.—The issues
in every action are joined by the filing of the complaint and the answer
thereʋo, and the allegations therein made must be taken into account in the
determination of the question in controversy, and the parties cannot subse-
quently change the issues so joined.

ID.—DEMURRER—CONTRACT—HIRING OF SERVICES.—In a complaint demanding
compensation for the services rendered, the plaintiff must state the specific
price agreed upon for the services rendered or that such price is known by
custom and frequent usage at the place, as otherwise the complaint will be
deemed not to state facts sufficient to constitute a cause of action.

ID.—COMMISSION.—A commission, in the absence of an agreement to the contrary,
will be presumed to be gratuitous, and in order that the law may presume
that an obligation exists to pay for the services rendered by an attorney in
fact, and so that a complaint wherein the price so agreed upon is not stated
may be successful, it is necessary that the complaint should set forth that
the occupation of the attorney in fact was that of rendering the class of
services rendered, as otherwise the complaint will be deemed not to state facts.
sufficient to constitute a cause of action.

ID.—OBLIGATIONS—CONTRACT FOR SERVICES WITHOUT LEASE.—Book IV of the
Civil Code governs all matters relating to obligations and contracts, and it is
not permissible to go outside that law to find fanciful nomenclatures to desig-
nate facts which, in view of the development thereof, are perfectly defined
within some one of the obligations or contracts governed by that law, and
thus attempt to maintain an action which otherwise would lack the elements.
necessary for its success.

The facts are stated in the opinion.

*Mr. Mott* for appellant.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Before the court of the Judicial District of San Juan,
an amended complaint was filed, reading as follows:

"Appearance is made by the plaintiff represented by his attorney
and says:

"1. That he is of legal age, as well as the defendant, and both resi-
dents of San Juan.

"2. That the defendant is judicial administrator of the intestate Estate of Miss Elisa Kortright, who died in this city of San Juan on July 20, 1906.

"3. That prior to her death, the plaintiff rendered to Miss Kortright innumerable services as judicial agent in many and important actions instituted by said lady under direction of Attorney Dexter, which services he rendered at the urgent request of Miss Kortright and her attorney.

"4. That the aforesaid services are those enumerated hereinafter, in addition to other services rendered daily by the plaintiff which are not specified, as it would be impossible to do so.

> (*a*) Six trips to Arecibo, on different occasions, to search and take plain and authenticated copies of old documents, at the general file of the notarial office of Juan Zacarias Rodríguez, then in charge of Attorney Suliveres; also for similar services performed at the office of the registrar of property of said city; having spent four days in that city during each trip attending exclusively to the above cited work, at $50 each trip_____ $300
>
> (*b*) Three days spent by me at Manatí, performing similar duties at a notary's office in that city_____ 30
>
> (*c*) Seven months' services, searching the files of the district court, looking up records of old actions instituted by Miss Kortright's father, over 50 in number, taking plain and authenticated copies_____ 270

"5. That in May 21, 1906, the plaintiff made out a receipt to Miss Kortright for the amount of $600, which is an equitable remuneration for the above-mentioned services, having obtained beforehand the approval of Attorney Dexter, which receipt, with Mr. Dexter's indorsement, reads as follows:

" 'Received from Miss Elisa Kortright the sum of $600, being fees and remunerations for services rendered to her as agent in all the actions tried and others pending trial, all of them under the direction of her attorney, Mr. Frank H. Dexter; as well as for searching old documents in Arecibo and San Juan, and for other various purposes. San Juan, May 21, 1906. (Signed) Adrian Agosto. For $600.

" 'Miss Kortright: I approve the account and think you ought to pay Agosto liberally as he has worked faithfully for you. (Signed) F. H. Dexter.'

"6. That the said receipt so indorsed by Miss Kortright's counsel was presented by the plaintiff to said lady, who showed her conformity with the amount specified therein, as per her own statement made not only to the plaintiff but also to Mr. Dexter, and payment was not effected by reason that she expected to go out and provide for its payment, but she grew worse of the illness that afflicted her, and her death issued some time later.

"7. That the plaintiff being in need of the money owed him to attend to his personal wants, and so much time having elapsed without succeeding, by any other means, to collect said amount,

"Prays the court to permit this complaint, ordering the defendant to pay to the plaintiff from the property of the intestate estate of which he is administrator, the sum of $600, as remuneration for the plaintiff's services, plus lawful interest, with costs against the defendant. Interlined 'the money,' valid. San Juan, Porto Rico, March 6, 1907. (Signed) Cay. Coll y Cuchi, counsel for the plaintiff. Adrian Agosto Abadia, duly sworn, says: That he has read the above complaint, that all the facts contained therein are true, being known to him of his own knowledge. (Signed) Adrian Agosto, Principal.

"Drawn and sworn to before me, this 6th day of March, 1907. (Signed) L. Abella Blanco, Notary Public."

The defendant, Eduardo Woods, through his counsel, Herminio Díaz Navarro, opposed the complaint by filing a demurrer, alleging that it does not state facts sufficient to constitute a cause of action, as it is not shown therein that an agreement or contract, made in due form, had existed between the deceased, Miss Kortright, and the plaintiff, Mr. Agosto, stipulating the remuneration for services which, as judicial agent, he affirms having rendered to the defendant.

There is no record of the decision accorded to this demurrer, but the answer to the complaint is afterwards recorded, thus inferring that it was dismissed.

In the sworn answer, all the allegations made by the plaintiff are denied, stating further that nothing appears in the complaint explaining why, the original complaint having been made in the name of Marcela Abadia to whom Agosto's receipt covering Miss Kortright's alleged debt was indorsed, Agosto appears now as plaintiff without the said receipt be-

ing reindorsed to him, stating also, that Miss Kortright never required the services referred to by the plaintiff, neither the such services had any object or importance, and prays the court that the complaint be dismissed with costs against the plaintiff.

The case having been tried and the evidence heard, the judge of the district court, after reviewing the essential facts of the complaint, affirmed on May 31, 1907, that it does not contain cause for action inasmuch as the existence of a contract at a fixed salary, is not alleged therein nor at a certain and specified price, as it is required in contracts covering a lease of services, but on the contrary, he endeavors to collect an equitable or reasonable price, not expressly agreed upon. In view thereof, he declares, that the plaintiff has no right to recover anything from the defendant by virtue of the services claimed in the complaint, with costs, and orders the courts secretary to render judgment in accordance with this decision.

Judgment was rendered on the same day, May 31, 1907, and entered on the next day, June 1.

On June 14 an appeal was taken before this Supreme Court.

We have the record before us, containing a statement of the case duly approved by the judge who rendered the decision. The appellant and plaintiff, through his counsel, maintains in his allegations presented to this court, that the case having been tried wholly on the basis that the complaint had as an object the recovery of a sum for services rendered, this court should overlook any irregularities existing in the text of the complaint and take the same point of view of the matter as was adopted by all parties in the district court.

The error of the lower court, says the appellant, lays, in having ignored that, besides contracts for lease of services, there exist also "contracts for services without lease."

These are the essential arguments on which the present appeal is based.

This court cannot ignore any irregularities in a complaint when they are not, as in this case, mere irregularities, but important omissions, such as leaving out the facts which establish the cause for the action instituted. In every action the contention is arrived at by means of the complaint and of the answer, and it is not licit to vary afterwards the meaning of the essential matter in controversy.

And this privilege that is applicable only in a general sense, cannot be exercised in the present case wherein the defendant answered the complaint and went into the proceedings under a protest, for nothing else means the demurrer taken which has been considered, although it was undoubtedly dismissed.

Obligations, according to section 1056 of the Revised Civil Code, are created by law, by contracts, by quasi-contracts and by illicit acts or omissions or by those in which any kind of fault or negligence occurs.

In the concrete case before us, the obligations supposed to have been contracted, can be created only by a contract or by a quasi-contract.

The claim in the complaint that Agosto "rendered to Miss Kortright innumerable services as judicial agent," conveys clearly the meaning that a contract for lease of services is concerned and, in that case, the certain and agreed price for which those services were rendered is not stated, but on the contrary, a reasonable and equitable remuneration is claimed. The law, in this case, requires that the price be specified and agreed. Section 1447 of the Revised Civil Code. The cause of action was therefore omitted, as alleged in the demurrer which was undoubtedly taken into consideration when rendering the judgment under appeal.

But are the facts stated in the complaint sufficient to construe the cause of action as a contract of agency? No; because the agency, in the absence of an agreement to the contrary, is presumed to be gratuitous, and in order that the

complaint should succeed on this ground, it would be necessary that in the same were stated that the agent, *i. e.*, Agosto, discharged regularly the occupation of judicial agent, in which case the law presumes the obligation of compensating him. Section 1613 of the Revised Civil Code. Under this point of view the complaint does not state facts either, sufficient to establish a cause of action.

Or can it be said that the matter in controversy comes under the scope of a quasi-contract known as "Management of another's business." Not even so. There is nothing in the complaint to show that Agosto voluntarily took charge of the agency or administration of Miss Kortright's business.

The complaint reveals, without any doubt whatsoever, the elements of a contract for lease of services, and that, and no other, was Agosto's purpose when instituting his action before the district court.

But the complaint, in the manner presented, does not adduce facts which may establish a cause of action.

It cannot be said here that the matter in controversy is not a contract for lease of services, but "a contract of services without lease" in order to establish therefore the perfection of the complaint.

Title IV of the Revised Civil Code defines all questions appertaining to obligations and contracts, and outside of same it is not proper to look for fanciful denominations.

The appeal of *Dionisio García* v. *Baltasar Cañada*, decided by this court on December 6, 1906, with an opinion by Judge Wolf, presents a case, if not identical, at least very similar to the present one.

A doctrine expounded in a judgment rendered by the Supreme Court of Spain on October 18, 1899, was then quoted in support of the fact that section 1544 of the old Civil Code is identical with section 1447 of the Revised Code.

We have to hold now, as we did then, that without the existence of a certain agreed price, or when it is not alleged

that the price of the services is recognized by custom and frequent usage in the place where such services were rendered, the complaint is insufficient.

In view of the reasons stated, the appealed judgment must be affirmed with the costs of this appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.